IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Daniel M. McKay, | ) | Case No.: 4:25-cv-3844-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| vs. | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION TO DISMISS** |
| CSX Transportation, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This is a Federal Railroad Safety Act ("FRSA") whistleblower-retaliation case. Defendant CSX Transportation, Inc. ("CSX"), moves to dismiss Plaintiff Daniel M. McKay's ("McKay") Complaint (DE 1) under Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting it has raised *meritorious* affirmative defenses. (DE 6 at 12.) McKay filed a response in opposition (DE 12), and CSX has replied (DE 14). For the reasons below, the Court denies CSX's Motion to Dismiss (DE 6). The Court begins by summarizing the relevant factual allegations and procedural history.

## I.  BACKGROUND

The following facts are taken from McKay's Complaint and exhibits attached to CSX's motion.[1]

---

[1]     In resolving a Rule 12(b)(6) motion, courts ordinarily limit their review to the four corners of the complaint, *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009), by summarizing courts may also consider documents attached to a motion to dismiss if those documents are integral to the complaint and their authenticity is not disputed. *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *Wells v. Liddy*, 186 F.3d 505, 508–09 (4th Cir. 1999). Here, the Court considers McKay's OSHA complaint, OSHA's findings, and the Administrative Law Judge's decision because they are expressly referenced in and integral to the Complaint, and neither party disputes their authenticity.

A.    **Factual Background**

McKay began working for CSX as a locomotive engineer in 2003. (DE 1 ¶ 8.) On November 12, 2019, McKay injured his left knee while dismounting a locomotive in Charleston, South Carolina. (DE 1 ¶ 9.) The next morning, he reported the injury to his trainmaster and was transported to the emergency room, where he was diagnosed with a sprain. (DE 1 ¶¶ 11–12.) An orthopedic evaluation and MRI soon confirmed a meniscus tear, and McKay underwent arthroscopic surgery in December 2019. (DE 1 ¶¶ 13–14.)

Shortly after reporting his injury, CSX notified McKay that he was under investigation for dishonesty and allegedly falsifying information concerning the incident. (DE 1 ¶ 15.) CSX convened a disciplinary hearing on February 17, 2020, and ultimately dismissed McKay on March 17, 2020, citing dishonesty in reporting his injury. (DE 1 ¶¶ 16, 27; DE 6-1, Ex. 3 at 3–4.) McKay alleges that his report of a workplace injury—a protected activity under the FRSA—was a contributing factor in CSX's decision to terminate his employment. (DE 1 ¶¶ 29–31.)

B.    **Administrative Proceedings**

On May 14, 2020, McKay filed a whistleblower complaint with OSHA under the FRSA. (DE 6-1, Ex. 1; DE 1 ¶ 31.) OSHA investigated and dismissed the complaint on September 2, 2020, finding no reasonable cause to believe CSX violated the statute. (DE 6-1, Ex. 2.) OSHA concluded that CSX terminated McKay for dishonesty in reporting a work-related injury and that the record evidence—including video footage—demonstrated a legitimate, non-retaliatory basis for the termination. (*Id.*)

McKay timely objected to OSHA's findings and requested a de novo hearing before the Department of Labor's Office of Administrative Law Judges. (DE 1 ¶ 32.) A two-day evidentiary hearing took place in Newport News, Virginia, on November 8–9, 2023. (DE 6-1, Ex. 3 at 2.) The Administrative Law Judge ("ALJ") admitted extensive exhibits, heard testimony, and permitted post-hearing briefing. (*Id*.) On April 24, 2025, the ALJ issued a 52-page decision dismissing McKay's complaint. (*Id*.) The ALJ concluded that:

> [W]hile the evidence shows that Complainant notified Respondent of an injury, the notification does not qualify as protected activity because the evidence does not show by a preponderance of the evidence, that Complainant's notification was undertaken in good faith. More specifically, the weight of the evidence demonstrates that Complainant knew his report was false at the time he provided the information to Respondent[.]

(DE 6-1, Ex. 3 at 45.)

At that point, McKay could have sought review before the Administrative Review Board and, ultimately, the court of appeals. *See* 29 C.F.R. § 1982.110. Instead, he elected to invoke the FRSA's "kick-out" provision, which permits a complainant to sue in federal district court if no final order of the Secretary of Labor has been issued within 210 days of the complaint. 49 U.S.C. § 20109(d)(3).

C.     **Federal Proceedings**

McKay filed this action on May 7, 2025. (DE 1.) He alleges that CSX retaliated against him in violation of the FRSA by terminating him for reporting a workplace injury. (DE 1 ¶¶ 36–43.) McKay seeks reinstatement, back pay with interest, compensatory and punitive damages, as well as attorney's fees and costs. (DE 1 at 8–9.)

CSX moved to dismiss on May 29, 2025, arguing that McKay waived his right to proceed in federal court by litigating to an ALJ decision and, alternatively, that his claim is barred by laches. (DE 6; DE 6-1.) McKay filed a response in opposition on July 11, 2025 (DE 12), and CSX filed a reply on July 28, 2025 (DE 14).

## II.     LEGAL STANDARD

**Fed. R. Civ. P. 12(b)(6)**

A motion to dismiss for failure to state a claim challenges the legal sufficiency of a complaint. *See Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993). To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). While a complaint "does not need [to allege] detailed factual allegations," pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). In other words, "where the well-pleaded facts do not permit the court to infer more than

4

the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Rule 8(a)(2), Fed. R. Civ. P.).

### III.   DISCUSSION

CSX moves to dismiss McKay's complaint because the face of the pleadings demonstrates the existence of meritorious affirmative defenses. *See Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013). Specifically, CSX argues that McKay waived his statutory "kick-out" right to proceed in federal court by electing to pursue his case through the administrative process to a decision by an ALJ rather than invoking that right once 210 days had passed without a final order. And CSX contends that McKay's more than four-year delay in filing this action after becoming eligible to "kick-out" renders his claim untimely under the equitable doctrine of laches. For these reasons, the Court concludes that neither waiver nor laches is an appropriate ground for dismissal at the 12(b)(6) stage.

### A.   Statutory Framework

The FRSA, 49 U.S.C. § 20109, prohibits railroad carriers from discharging or otherwise discriminating against employees for engaging in protected activity, including reporting a work-related injury. Enforcement follows a hybrid administrative and judicial process. An employee must first file a complaint with the Secretary of Labor, typically through OSHA, within 180 days of the alleged retaliation. If the Secretary does not issue a final decision within 210 days and the delay is not attributable to the employee's bad faith, the statute authorizes the

employee to bring an original action for de novo review in federal district court, with a right to jury trial. *See* 49 U.S.C. § 20109(d)(3). Prevailing employees are entitled to "all relief necessary to make the employee whole," including reinstatement, back pay with interest, compensatory damages, attorney's fees, and in some cases, punitive damages up to $250,000. *Id.* § 20109(e).

Congress amended the FRSA in 2007 to "enhance administrative and civil remedies for employees" and "ensure that employees can report their concerns without the fear of possible retaliation or discrimination from employers." H.R. Conf. Rep. No. 110-259, at 348 (2007), reprinted in 2007 U.S.C.C.A.N. 119, 180–81. The Fourth Circuit has recognized this history as evidence of Congress's intent to provide railroad employees robust and nonwaivable protections against retaliation. *Lee v. Norfolk S. Ry. Co.*, 802 F.3d 626, 629–30 (4th Cir. 2015).

With this framework in mind, the Court turns to CSX's motion to dismiss.

**B.     Waiver**

CSX maintains that the FRSA's kick-out provision was designed to address administrative delay, not to provide an avenue for relitigation after an unfavorable outcome. CSX contends that McKay waived his right to proceed in federal court by electing to litigate his claim before the Department of Labor. According to CSX, McKay pursued the administrative process to a full evidentiary hearing and an adverse decision by an ALJ, and only then sought a "second bite at the apple" through the FRSA's kick-out provision. (DE 6-2 at 12–19.) CSX characterizes this as an impermissible "election of remedies" and analogizes to waiver principles applied in

6

arbitration cases, where a party's litigation conduct may forfeit the right to compel arbitration. In support, CSX cites *SZY Holdings, LLC v. Garcia*, 2024 WL 3983944 (4th Cir. Aug. 29, 2024), among other authority, arguing that waiver is assessed by whether a party acts inconsistently with a known right, and that McKay's decision to fully litigate before the ALJ was inconsistent with any intent to preserve his right to sue in federal court.

This argument is unavailing. *SZY Holdings* arose under the Federal Arbitration Act and addressed waiver of contractual arbitration rights. Arbitration rights, as the Fourth Circuit emphasized, may be waived when a party "intentionally relinquish[es] or abandon[s]" them by inconsistent conduct. *Id.* at *3 (quoting *Morgan v. Sundance, Inc.*, 596 U.S. 411, 417 (2022)). The FRSA context is materially different. The "kick-out" right is not contractual, but statutory: if the Secretary of Labor has not issued a final decision within 210 days, the employee "may bring an original action at law or equity for de novo review in the appropriate district court." 49 U.S.C. § 20109(d)(3).[2] Congress further specified that FRSA rights "may not be waived by any agreement, policy, form, or condition of employment." *Id.* § 20109(h). The Fourth Circuit has recognized this history as evidence of Congress's intent to provide railroad employees robust, nonwaivable protections. *Lee*, 802 F.3d at 629–30.

---

[2]    The Court recognizes the concern that allowing McKay to proceed in federal court after litigating before an ALJ might resemble a collateral attack. But the statutory scheme resolves that tension: § 20109(d)(3) expressly authorizes an original action in federal court if no final order of the Secretary of Labor has issued within 210 days, and nothing in the statute suggests that an intervening ALJ decision extinguishes that right.

7

Consistent with that intent, courts have construed the FRSA's protections broadly. *See Guerra v. Consol. Rail Corp.*, 936 F.3d 124, 131 (3d Cir. 2019) (emphasizing that FRSA should be liberally applied to protect employees who report injuries). To graft a judicially created waiver doctrine onto the FRSA's express statutory right would be inconsistent with both the text and Congress's remedial purpose. A waiver is also an affirmative defense. At the Rule 12(b)(6) stage, dismissal is appropriate based on an affirmative defense only when the complaint's allegations conclusively establish it. *See Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) ("[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." (internal quotation marks omitted)).

Courts consistently recognize that waiver turns on intent and conduct, which are factual inquiries not suited to resolution at the pleadings stage. "Whether waiver exists in a given case is normally a question for the trier of fact, for the determination of its existence *vel non* turns on the intent of the party ostensibly waiving the right, a state of mind which is to be derived from the facts and circumstances surrounding the purported relinquishment." *Philadelphia Indem. Ins. Co. v. Markel Ins. Co.*, 649 F. Supp. 3d 84, 102 (D. Md. 2023).

Whether McKay intentionally relinquished his statutory right by continuing to litigate before the ALJ turns on such factual questions—his purpose in pursuing administrative remedies, his understanding of the statutory scheme, and whether his conduct is fairly characterized as inconsistent with preserving his kick-out right—

that cannot be resolved on the face of the complaint. Here, McKay filed his OSHA complaint on May 14, 2020, and by December 10, 2020—210 days later—he obtained by operation of law the statutory right to bring his claim in federal court under § 20109(d)(3). (DE 1 ¶¶ 31–35.) Those allegations preclude dismissal on waiver grounds at the 12(b)(6) stage.

**C.    Laches**

CSX next argues that McKay's claim is barred by laches. It points to the timeline: McKay's injury occurred in November 2019; he filed his OSHA complaint on May 14, 2020; the ALJ issued a decision on April 24, 2025; and McKay did not file this federal suit until May 7, 2025. (DE 6-2 at 20–21.) CSX asserts that this extended delay demonstrates a lack of diligence and that forcing it to relitigate the matter after years of administrative proceedings would be prejudicial. In support, CSX cites *EEOC v. Navy Fed. Credit Union*, 424 F.3d 397, 409 (4th Cir. 2005), for the proposition that "[l]aches applies when (1) the plaintiff lacked diligence in bringing his claim and (2) the defendant is prejudiced as a result."

This argument too is unpersuasive at the 12(b)(6) stage. Laches is an equitable, fact-intensive defense requiring inquiry into both diligence and prejudice. As the Fourth Circuit explained in *Navy Fed.*, "[t]he question of whether laches bars an action depends upon a close evaluation of all the particular facts in a case." 424 F.3d at 409. Both prongs of the defense turn on factual matters beyond the pleadings. Like waiver, laches is an affirmative defense, and courts rarely dismiss complaints on laches grounds at the Rule 12(b)(6) stage.

Here, McKay alleges that he filed this action only after the administrative process had extended well beyond the 210-day period contemplated by Congress. Accepting those allegations as true, as the Court must, the complaint does not establish either unreasonable delay or prejudice sufficient to bar the claim. Whether CSX can ultimately prove laches must await further factual development.

### IV.    CONCLUSION

For these reasons, the Court concludes that Plaintiff's Complaint states a plausible claim under the FRSA. Neither waiver nor laches provides a basis for dismissal at the Rule 12(b)(6) stage. Accordingly, Defendant CSX Transportation, Inc.'s Motion to Dismiss (DE 6) is **DENIED**.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
September 22, 2025